**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOAQUIN RENE DIAZ RENTERIA,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | |
| | § | **EP-26-CV-00431-DCG** |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), the DIRECTOR OF USCIS, and the SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY (DHS),** | § § § § § | |
| | § | |
| ***Respondents.*** | | |

**ORDER AND REPORT AND RECOMMENDATION**

On this day, the Court considered Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 1 [hereinafter "App."], together with the attached Civil Cover Sheet, ECF No. 1-1, and Petition for Writ of Mandamus, ECF No. 1-2 [hereinafter "Pet."]. The case was assigned to Senior United States District Judge David C. Guaderrama, who referred the Motion to this Court. Order Referring Mot. U.S. Mag. J. 1, ECF No. 2. The referral order further provided that "[i]f appropriate, [the undersigned] shall . . . pre-screen Petitioner's proposed Petition pursuant to 28 U.S.C. § 1915(e)(2)." *Id.* (emphasis omitted).

After due consideration, the Court **GRANTS** Diaz Renteria's Application. However, the Court **RECOMMENDS** that the claims brought against the Director of USCIS be **DISMISSED WITH PREJUDICE** as frivolous under Section 1915(e)(2).

## I. DISCUSSION

### A. Petitioner's application to proceed in forma pauperis is granted.

"The federal *in forma pauperis* statute, . . . presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts" by allowing them to commence legal actions in federal court even if they are unable to pay the costs associated with filing. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342–343 (1948)). To be eligible for *in forma pauperis* status, applicants must show that they are "unable to pay such fees or give security therefor." § 1915(a)(1). After considering Petitioner's income, assets, and financial circumstances, *see* App., the Court finds that he lacks sufficient resources to cover the costs of filing. Accordingly, the Application is **GRANTED**.

**B. The Court recommends the claims brought against the Director of USCIS be dismissed as frivolous.**

Recognizing that litigants proceeding *in forma pauperis* "lack[] economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," *Neitzke*, 490 U.S. at 324, Congress requires district courts to dismiss a claim brought *in forma pauperis* at any time if the court determines the claim is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," § 1915(e)(2)(B).

Claims determined to be duplicative are "properly subject to dismissal as frivolous under § 1915(d)." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989). And, where "the claims against an official in his official capacity seek identical relief as claims against a governmental entity, the official capacity claims may be dismissed as duplicative." *Baker v. Llano Cnty.,* 746 F. Supp. 3d 429, 439 (W.D. Tex. 2024) (quoting *Notariano v. Tangipahoa Par. Sch. Bd.*, 266 F. Supp. 3d 919, 928 (E.D. La. 2017)); *see Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (citing *Flores v. Cameron County, Tex.,* 92 F.3d 258, 261 (5th Cir.1996)) (affirming district court's

dismissal of official-capacity claims brought against municipal officers, "as these allegations duplicate claims against the respective governmental entities themselves").

Petitioner asks that he be granted a writ of mandamus against United States Citizenship and Immigration Services ("USCIS"), as well as the Director of USCIS Director and the Secretary of the Department of Homeland Security ("DHS"), in their official capacities. Pet. 2. Specifically, he asks that the Court (1) "[d]eclare that USCIS's closure of the case based on alleged withdrawal letter was illegal and arbitrary"; (2) "[o]rder USCIS to reopen and process the I-130 petition approved on March 23, 2020"; (3) "[o]rder USCIS to apply the Child Status Protection Act and respect the original priority dates and classification"; and (4) "[g]rant any other relief this Court deems just and proper." Pet. 3 (emphasis omitted). Because the relief sought against USCIS mirrors the relief sought against its Director, the official-capacity claims against the Director are duplicative. The Court thus **RECOMMENDS** the claims brought against the Director of USCIS be **DISMISSED** as frivolous.[1]

## II. CONCLUSION

As to Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 1, the Court enters the following **ORDERS**:

1. the Application is granted; and
2. the Clerk of the Court shall docket the Civil Cover Sheet, ECF No. 1-1, and Petition, ECF No. 1-2.

[1] Having duly considered Petitioner's remaining claims against USCIS and the DHS Secretary, the Court does not find such claims should be dismissed at this time. However, Petitioner is advised that the Court may *sua sponte* dismiss the action at a later date, should the it determine (1) Petitioner's allegations of poverty are untrue, (2) the action is frivolous or malicious, (3) Petitioner failed to state a claim for relief, or (4) Petitioner seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court further **RECOMMENDS** Petitioner's claims against the Director of USCIS be **DISMISSED WITH PREJUDICE** as frivolous, pursuant to § 1915(e)(2)(B)(ii).

**SIGNED and ENTERED** this 17th day of July, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**